IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ZANE D. SANDERS                                                                          PLAINTIFF

V.                                              NO. 09-3088

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Zane D. Sanders, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff filed his applications for DIB and SSI on October 2, 2007, alleging an inability to work since December 1, 2006,[1] due to pain in his knees and legs, right-arm pain, back problems, depression and anxiety. (13, 57, 140). An administrative hearing was held on February 18, 2009, at which Plaintiff appeared with counsel, and he and his wife, along with a vocational expert (VE), testified. (Tr. 327-365).

---

[1] At the February 18, 2009 administrative hearing, Plaintiff's attorney advised the ALJ that he was amending the onset date to February 1, 2008.

-1-

By written decision dated July 8, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: status post arthroscopy of the right knee and muscle and connective tissue disorder. (Tr. 10-21). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix 1, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can sit for six hours during an eight-hour workday and can stand and walk for at least two hours of an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl and would require a sit/stand option.

(Tr. 16). With the help of a VE, the ALJ determined there were jobs that existed in significant numbers in the national economy, such as inspector, bench assembler, and surveillance systems monitor, that Plaintiff would be able to perform. (Tr. 20-21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 3, 2009. (Tr. 4-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned for a report and recommendation. Both parties have filed appeal briefs, and the case is now ripe. (Docs. 10-11).

**II. Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001);  see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim;  (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments;  (3) whether the impairment(s) met or equaled an impairment in the listings;  (4) whether the impairment(s) prevented the claimant

from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schwieker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion**

On January 7, 2009, Dr. Mark Powell, an orthopedist who began treating Plaintiff in January of 2008, completed a Medical Source Statement. (Tr. 313). In that document, Dr. Powell indicated that although Plaintiff was capable of handling a sedentary job,[2] he would need a job which permitted shifting positions at will from sitting, standing or walking. Dr. Powell also indicated that Plaintiff would "sometimes need to take unscheduled breaks one or more times during an 8-hour working shift." (Tr. 313).

In his decision, the ALJ stated that he gave Dr. Powell's opinion "significant weight to the extent that it is consistent with the above-stated residual functional capacity assessment." (Tr. 19).

At the hearing, the ALJ proposed the first hypothetical as follows:

Please assume a younger individual with a high school education who can lift and carry 10 pounds occasionally and less than 10 pounds frequently. The individual can sit for about six hours during an eight-hour workday and can stand and walk for at least two hours during an eight-hour workday. The individual can occasionally climb, balance, stoop, kneel, crouch and crawl. Based upon this hypothetical would there be jobs available?

---

[2] 20 C.F.R. § 404.1567(a) provides:
*Sedentary work*. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(Tr. 361-362). The VE affirmatively responded, stating that the jobs of inspectors and sorters, bench assemblers, and escort vehicle driver would be available. The ALJ then modified the first hypothetical as follows:

> If I added to my first hypothetical that the individual would also require a sit/stand option, how would that affect the three jobs that you identified?

(Tr. 362). The VE responded that it would eliminate the escort vehicle driver and reduce the numbers of inspectors and sorters and bench assemblers, and add the surveillance system monitor. (Tr. 362-363). The ALJ then modified the hypothetical again:

> Okay, if I add to either of the first hypotheticals that the individual would be required to take frequent, unscheduled breaks in excess to normally allotted breaks how would that affect the jobs identified?

(Tr. 363). The VE responded that the jobs would be eliminated. Plaintiff's attorney asked the VE how his answers would be affected if they changed the sit/stand option to sit, stand, and walk and to walk away from the site for about a minute before he returned to the job site. The VE said that if it was just for a minute, he would still maintain that those numbers of the jobs were available. (Tr. 364). The attorney then asked if it required a walk away of being more than one minute, such as "one to five minutes" what would the answer be. The VE responded that it would eliminate the jobs he identified. (Tr. 364).

      The Court cannot assume that Dr. Powell's statement that Plaintiff would "sometimes need to take unscheduled breaks one or more times during an 8-hour working shift" is the same as the hypothetical given by the ALJ to the VE which required "frequent, unscheduled breaks in excess to normally allotted breaks." Further, the question posed by Plaintiff's counsel to the VE describing one minute or one to five minute breaks confused the issue even further, since the

AO72A
(Rev. 8/82)

VE said there would be jobs if one minute breaks were required, but no jobs if one to five minute breaks were required.

Based upon the foregoing, the Court recommends that the matter be remanded to the ALJ in order to obtain clarification from Dr. Powell as to the number and lengths of unscheduled breaks Plaintiff might need to take. The Court also recommends that the ALJ obtain a Physical RFC Assessment from Dr. Powell or from an examining physician.

## IV. Conclusion:

Accordingly, the Court believes that the ALJ's decision is not supported by substantial evidence and therefore, recommends that the denial of benefits to the Plaintiff be reversed and this matter be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of January, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE