IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ZANE D. SANDERS                                                      PLAINTIFF


V.                                      NO. 09-3088


MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration            DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Zane D. Sanders, appealed the Commissioner's denial of benefits to this Court.

On February 18, 2011, judgment was entered remanding Plaintiff's case to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 11). Currently before the Court is

Plaintiff's motion for an award of $2,283.79 in attorney's fees and costs under 28 U.S.C. § 2412,

the Equal Access to Justice Act (hereinafter "EAJA"). In his motion, Plaintiff's counsel

requested compensation for 12.95 attorney hours of work before the Court at an hourly rate of

$175.05. (Doc. 14).[1] Defendant filed a response, objecting to Plaintiff's Application, stating that

Plaintiff's counsel failed to calculate a separate cost of living adjustment for each year in which

he rendered compensable services, and that Plaintiff's counsel used the wrong CPI to calculate

the cost of living adjustment. (Doc. 16). Defendant also objected to Plaintiff's counsel's request

_____

[1]In his motion, Plaintiff's counsel did not break his hours down by year. However, in his Response to
Defendant's objections, Plaintiff amended the prayer for attorney fees and costs to reflect time spent in 2009,
2010, and 2011. (Doc. 18 at p.2).

-1-

that the award be paid directly to Plaintiff's counsel pursuant to the Plaintiff's assignment of his right to EAJA fees and expenses.  (Doc. 16).  Since Defendant's objections raised issues not previously addressed by the undersigned, a meeting was conducted with counsel for both parties in the Court's chambers, at which time the Court directed counsel for both parties to fully brief the following issues:

    1.  Whether the award should be broken down by the year the services were performed;

    2.  Whether the CPI-Urban or CPI-South should be used in the calculations; and

    3.  How the rate for work performed in the most recent year should be computed.

The Court recognized that these issues were also relevant in four other cases: Thompson v. Astrue, No. 10-5076; White v. Astrue, No. 09-5275; Lott v. Astrue, No. 10-5147; and Huisman v. Astrue, No. 10-5082, and gave Plaintiff's counsel in those cases an opportunity to brief the issues as well.  (Doc. 20).  Plaintiff's counsel in all of those cases, except one- Thompson- filed briefs.

The Court will address each of the above issues and then calculate the fees for Plaintiff's counsel in this case.

**1.  Whether the award should be broken down by the year the services were performed**

Plaintiff appears to concede that the award should be broken down by the year the services were performed.  Nevertheless, the Court finds it appropriate to analyze the issue, as it has not previously done so, given that the Government has not previously raised this objection.

As indicated in its Order entered on June 13, 2011 (Doc. 20), the Court advised the parties that it was inclined to follow the reasoning and approach in Knudsen v. Barnhart, 360 F.Supp. 2d 963, 969-974 (N.D. Iowa 2004).  In Knudsen, the Court found that "[A] reasonable

-2-

balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." Id. at 974.  The Knudsen Court felt that this approach would strike a balance between "accuracy and what the court believes would potentially turn into a calculation nightmare." Id.  The Court further stated:

> Thus, to calculate the EAJA fee adjustment, plaintiff's attorneys should begin with the statutory EAJA fee amount set in March 1996.  (Footnote omitted).  The $125 statutory amount is then adjusted according to the following formula: $125 per hour (where $125 reflects the current statutory amount for fees) x (service year Midwest Urban CPI) (footnote omitted)/151.7 (where 151.7 equals the Midwest Urban CPI of March 1996). The adjusted EAJA fee rate for 2002 is $144.12 (125 x 174.9/151.7).  The adjusted rate for 2003 is $146.92 (125 x 178.3/151.7).  The adjusted rate for 2004 is $149.39 (125 x 181.3/151.7).
>     The court notes that this method for calculating EAJA fees does not address the fact that the yearly CPI is not published until after the end of each year.  In most cases, the CPI will not be available for the latest year in which services were performed.  In such cases, the plaintiff's attorney is directed to average the monthly CPIs available for that year. ...

Id.

In its extensive analysis, the court in Knudsen noted that there was no consistent approach utilized by courts for computing attorney fees requested pursuant to the EAJA with regard to which CPI to use.  It observed that some courts determined that the correct CPI to use was for the "period" when the services were performed.  Id. at 969.  However the Knudsen court also addressed the fact that there was no consistent definition of "period," in that one approach was to define it as the month in which services were performed; another was to define it as the year in which the services were performed; and others did not even consider the "period" when services were performed and adjusted plaintiff's attorney's hourly rate using the CPI available when plaintiff became the prevailing party, or when the motion for fees was filed.  Id.  The court noted that courts in the Fifth, Seventh, Tenth and Eleventh Circuits follow the same method for

-3-

adjusting attorney fees by calculating adjustments to EAJA fees using the CPI available the year the services were performed.  The Knudsen court noted that the Eighth Circuit has never specifically determined which method for calculating fees should be followed, and referred to the various holdings by courts within the Eighth Circuit; some using the CPI available when the plaintiff became a prevailing party; some awarding the statutory $125 per hour; and others using the CPI available at the time the services were performed.  Id. at 973.  The court then referred to language in Pettyjohn v. Chater, 888 F.Supp. 1065, 1068-69 (D. Colo. 1995):

> The premise of the Perales and Marcus holdings is that a cost-of-living adjustment on EAJA fees for inflation that occurred after counsel's work was performed constitutes an award of interest, from which the United States is immune absent express congressional consent under Library of Congress v. Shaw, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986).  See Perales, 950 F.2d at 1074-76; Marcus, 17 F.3d at 1039-40.  Because the EAJA expressly provides for post judgment interest on fee awards (28 U.S.C. § 2412(f)) but is silent on the issue of prejudgment interest, the Fifth and Seventh Circuits concluded the strict construction mandated by Shaw precludes the indexing of EAJA fees at current rates, and instead requires them to be indexed at the rates in effect when the services were performed.  Perales at 1077; Marcus at 1040.  Accord Chiu v. United States, 948 F.2d 711, 721-22 (Fed.Cir. 1991).  The question is one of first impression in this circuit.  While other courts have awarded cost-of-living adjustments under the EAJA without regard to the year in which the services were performed, see Garcia v. Schweiker, 829 F.2d 396, 402 (3rd Cir. 1987)(reasoning that attorneys "should not have the purchasing power of their fees eroded by such inflation"); United States v. Boeing Co., Inc., 747 F.Supp. 319, 322-23 (E.D.Va. 1990)(noting the CPI "should serve as a disincentive to the government to prolong the litigation process"), rev'd on other grounds sub nom United States v. Paisley, 957 F.2d 1161 (4th Cir. 1992); Rutledge v. Sullivan, 745 F.Supp. 715, 717 (S.D. Ga. 1990)(concluding the award should compensate for the time value of money and the effects of inflation), I find the Perales, Marcus and Chiu decisions adopt a more comprehensive and persuasive legal analysis.  Absent express congressional consent to the award of prejudgment interest on EAJA fee awards, cost-of-living adjustments to Pettyjohn's EAJA fees will be calculated at the appropriate rate the year the services were rendered[.]

AO72A
(Rev. 8/82)

Knudsen, 360 F.Supp. 2d. at 971-72.

In the case of Perales v. Casillas, 950 F.2d 1066 (5th Cir. 1992), referenced in Knudsen, the Court concluded that the EAJA fee should be calculated based upon when the services were rendered. The court reasoned:

> We find no language in the EAJA authorizing fees at current adjusted rates for all hours whenever expended. The narrowest reasonable construction of the cost-of-living provision in the EAJA leads us to conclude that this was an attempt to allow the statute to be self-updating in light of the modern realities of inflation. This purpose is accomplished through the award of historic rates; anything more treads impermissibly across the line and is tantamount to interest. Therefore, in keeping with Shaw's mandate of not enlarging the waiver of sovereign immunity "beyond what the language requires," we hold that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered.

Id. at 1076.

In Marcus v. Shalala, 17 F.3d 1033 (7th Cir. 1994), the Court held that 28 U.S.C. § 2412(d) did not authorize indexing attorney's fees awards at current rates, and that if a cost of living adjustment was applied, "it must be calculated with regard to when the services were performed, not on the basis of when the award is made." The Court concluded that the fees incurred in a particular year must be indexed using the cost of living multiplier applicable to that year, "and so on for each year in which fees were incurred." Id. at 1040.

Based upon the analysis given in Knudsen, as well as support for the proposition in Perales and Marcus, the Court finds that in requesting an EAJA award, Plaintiff's counsel should calculate the fee based upon the years when the services are performed.

## 2. Whether the CPI-Urban or CPI-South[2] should be used in the calculations

---

[2] The CPI-South notes that the South region includes Alabama, Arkansas, Delaware, District of Columbia, Florida, Georgia, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia, and West Virginia. The formula used to determine the yearly rate is the CPI for the year in question multiplied by $125.00 divided by 152.40 (the CPI-South for March of 1996).

-5-

Plaintiff's counsel argues that the CPI-Urban should be used.  He notes that at the conference in chambers, representatives of the United States Attorney's office admitted that for the Eastern District of Arkansas, the Office of General Counsel utilized the CPI-U in considering the computation of EAJA fees in Social Security cases.  He also states that the Commissioner also uses the CPI-U in considering the computation of EAJA fees in Social Security cases for the states of Oklahoma and New Mexico.  (Doc. 21 at p. 4).  Plaintiff's counsel argues that utilizing the CPI-South in the Western District of Arkansas would result in different treatment for citizens immediately east of the Western District and from the citizens just across the state line in Oklahoma, and that such a distinction is arbitrary.  "Citizens of the Western District are no less worthy than their neighbors."  (Doc. 21 at p. 5).

In footnote 6 in the Knudsen case, the Court found that the more appropriate CPI would be "one which is tied to the area where the service was performed."  Id. at 974, fn.6.  The Court is persuaded by the reasoning given in Knudsen on this issue.  As stated by Defendant, two circuits have found that the EAJA has a dual purpose: 1) to ensure representation of parties in litigation against the United States Government; and 2) to minimize the cost of this representation to the taxpayers.  See Baker v. Bowen, 839 F.2d 1075, 1083 (5th Cir. 1988); Action on Smoking and Health v. CAB, 724 F.2d 211, 217 (D.C. Cir. 1984).  The Court is of the opinion that the CPI-South provides a region-specific cost of living adjustment for work performed in Arkansas, and that utilizing the CPI-South, which can be found at http://www.bls.gov/xg_shells/ro6xg01.htm, allows the Court to award fees that do not include unauthorized prejudgment interest against the government.  Knudsen, 360 F.Supp. 2d at 975.

-6-

Accordingly, the Court finds it appropriate to utilize the CPI-South in calculating fees.

**3.  How the rate for work performed in the most recent year should be computed**

Plaintiff's counsel argues that Plaintiff should be allowed to use the monthly average of the CPI for the current year for service performed in that year, and that if counsel does not want to take the time to calculate monthly averages, then the last published half year or annual rate, whichever is closest in proximity to the time the application is filed, could be used.  Defendant's counsel submits the following option: If a case is closed in a month prior to the publication of the first-half yearly average CPI for a particular year, Plaintiff's attorney should use the second-half yearly average CPI for the previous year to calculate the cost of living adjustment; once the first-half yearly average CPI for the current year is available, then Plaintiff's attorney should use that amount to calculate the cost of living adjustments for the rest of the year.

The Court finds that the simplest approach will be to use the hourly rate computed for the previous year - in this case - 2010.

**4.  Award of fees in this case**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.  After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

-7-

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 1.50 hours of attorney work

-8-

performed in 2009 at an hourly rate of $172.35, 9.7 hours of attorney work performed in 2010 at an hourly rate of $175.05, and for 1.75 hours of attorney work performed in 2011 at an hourly rate of $177.22.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Id., 461 U.S. at 437.  Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. §2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI in support of his requested hourly rate.  The Court finds that an award based upon an hourly rate of $170.00 for work done in 2009, $173.00 for work done in 2010, and $173.00 for work done in 2011, reflecting an increase in the cost of living, is appropriate in this instance.[3]  See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.  The Defendant did not object to the number of hours Plaintiff's counsel asserts he spent on this matter.  The Court has reviewed the itemized statement, and finds the amount

---

[3]The Court used the CPI South rates for each year as follow, and for simplicity sake, rounded the figure to the nearest dollar.
2009 - 207.845 x 125 divided by 152.4 (March 1996 CPI-South) =$170.48/hour - $170.00
2010- 211.338 x 125 divided by 152.4 (March 1996 CPI-South) =$173.34/hour - $173.00
2011 - $173.00

-9-

of 12.95 hours is reasonable.

Plaintiff's counsel requests that the Court direct payment of the EAJA award directly to Plaintiff's counsel and not to Plaintiff.  Plaintiff's counsel argues that the EAJA award should be payable directly to him based on Plaintiff's assignment of his interest in any such award of attorney's fees and expenses. (Doc. 18).  Plaintiff's counsel acknowledged the Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010) case, and stated that the whole issue may be moot "since the payment of EAJA attorney fees has been suspended and, if proposed legislation is passed, will cease." (Doc. 18).

Defendant argues that the United States Supreme Court has held that fee awards under the EAJA are payable to the party litigant, not the party's attorney.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).  Defendant also argues that the purported assignment between Plaintiff's counsel and Plaintiff is invalid pursuant to the Anti-Assignment Act, 31 U.S.C. § 3727(b).[4] Nonetheless, Defendant agrees to waive strict compliance with the Anti-Assignment Act only if the Court issues the Order for the EAJA award to be payable to Plaintiff, and the Defendant

---

[4] The Anti-Assignment Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government[.]" 31 U.S.C. § 3727(a)(1).  The Act establishes several technical requirements for a valid assignment:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

-10-

determines that Plaintiff does not owe a debt to the United States. Defendant states once the Order is entered awarding a claimant's attorney's fees under the EAJA, the Defendant will contact the Treasury Department to determine if the claimant owes the government a debt that is subject to administrative offset. If Plaintiff does not owe a debt when the Defendant effectuates the Court's order awarding EAJA fees, the Defendant will waive the requirements of the Anti-Assignment Act and honor the agreement between Plaintiff and his attorney by paying the EAJA award directly to Plaintiff's counsel. However, if Plaintiff does owe a debt, the Defendant will not waive the Anti-Assignment Act and will pay the EAJA award to Plaintiff, thus subjecting the award to offset.

In the present case, whether Plaintiff owes a debt to the government is unknown to the Court, and the Court is hesitant to take on the task of determining whether an offsetting qualifying debt exists. Therefore, this Court, like other courts have done throughout the circuits since the determination in Ratliff, believes Defendant's proposal addressed above, will best serve all parties of interest. See Johnson v. Astrue, 2011 WL 1298035 * 2 (E.D.Ark. April 4, 2011) (approving the Commissioner's proposal to decide whether to waive compliance with the Anti-Assignment Act and to pay Plaintiff's counsel directly only after an order is entered awarding EAJA attorney's fees directly to the claimant and the Commissioner determines the claimant does not owe the government a debt); Kelley v. Astrue, 2010 WL 3636145 (E.D.Ky. Sep.14, 2010) (unpublished decision) (approving of Commissioner's proposal to decide whether to waive compliance with the Anti–Assignment Act and to pay the claimant's attorney directly only after an order is entered awarding EAJA attorney's fees directly to the claimant—"the Court believes the best practice is to award the EAJA fees directly to Plaintiff. The Court will not engage in

-11-

determining whether Plaintiff owes a debt to the government. Instead, the Court will leave it to the discretion of the Commissioner whether to honor Plaintiff's assignment of her EAJA fees"); Calderon v. Astrue, 2010 WL 4295583 (E.D. Cal. Oct. 22, 2010) (approving Commissioner's proposal and awarding EAJA attorney's fees to the claimant—"Defendant ... seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt pursuant to government's discretionary waiver of the requirements of the Anti–Assignment Act. This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"). Accordingly, the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 12.95 hours at hourly rates of $170.00 for 1.5 hours of work performed in 2009; $173.00 for 9.7 hours of work performed in 2010; and $173.00 for 1.75 hours of work performed in 2011, for a total attorney's fee award of $2,235.85, plus the $17.13 in costs. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

AO72A
(Rev. 8/82)

**district court.**

IT IS SO ORDERED AND ADJUDGED this 31st  day of October, 2011.


*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)